OPINION OF THE COURT
Mary M. Werner, J.
This petition by the Town of Babylon as assessing unit for *935 an order dismissing each of the small claims petitions set forth in the petition is decided as follows:
This matter was originally submitted on December 15, 1994. However, the court adjourned the petition and directed the petitioner to submit its proof. Counsel agreed to provide representative complaints, decisions and petitions. The matter was finally submitted on March 2, 1995.
Fred N. Perry, as agent and Tax Correction Agency, Inc., Fred N. Perry, president, acting as agent filed 1048 small claims assessment review petitions pursuant to RPTL 729 et seq., after the underlying complaints to the Board of Assessment Review were dismissed.
In order to bring a small claims assessment review proceeding pursuant to RPTL 729 et seq., the property owner must have first filed a complaint with the Board of Assessment Review (RPTL 730 [1] [a]). The provisions governing the complaint process before the Board are set forth at RPTL 522 et seq. More specifically, the provisions concerning the hearing and determination of complaints are set forth at RPTL 525 which provides in pertinent part:
"On the date required by law, the board of assessment review shall meet to hear complaints in relation to assessments. At such meeting, the board of assessment review may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates. If not satisfied that such assessment is excessive, unequal or unlawful, or that real property is misclassified, the board may require the person whose real property is assessed, or his [or her] agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his [or her] agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him [or her] relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint.” (RPTL 525 [2] [a].)
The property owners through their agent all properly and timely served complaints upon the Board of Assessment Review in accordance with RPTL 524. However, respondents failed to comply with the Board of Assessment Review June 15, 1994 request for additional documentation. More specifically, by letter dated June 22, 1994, Fred N. Perry notified the *936 Board, "Unfortunately I am unable to provide the additional documentation you requested in the time permitted.”
By letter dated July 1, 1994, Fred N. Perry was informed that his failure to provide any supporting documentation to the Board precluded the Board from acting on his 1994 grievance applications. Finding such failure to be negligent and/or willful pursuant to RPTL 525 (2), the Board declared the subject grievances "null and void.”
By enacting RPTL 522 et seq. and RPTL 729 et seq., the State Legislature clearly structured a two-step procedure for challenging small claims assessments. By requiring petitioners to comply with a complaint procedure prior to finalization of the tax roll, the Town is able to correct unequal, illegal or excessive assessment without the need for a legal challenge. However, in this court’s view, simply filing a complaint and virtually ignoring the requests for information by the Board which they are required to provide by law is an attempt to bypass the complaint process and thus defeats the purpose of the law and is insufficient to satisfy the statutory prerequisites for small claims assessment review.
Respondent scoffs at petitioner’s statement that Grievance Day is the equivalent of an appearance and hearing mandated by RPTL 525. However, this court agrees that the " 'failure of the petitioners to produce documents specifically requested by the bar, or to explain their absence, is tantamount to failing to appear before the bar in response to their specific demand for an appearance’.” (Matter of Campbell, NYLJ, Oct. 25, 1993, at 26, col 6, at 27, col 1.)
Since the court finds that the Board properly dismissed the subject petitions, and further that under the circumstances such dismissal precludes the commencement of a small claims assessment review proceeding, the motion is granted and the small claims assessment review petitions are dismissed.
Since the court is dismissing these small claims petitions on the ground that respondent willfully failed to provide the requested documentation, it need not reach petitioners’ remaining contentions.